IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES RAYNOR,

        Petitioner,                No. 2:12-cv-1412 KJN P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

        Respondents.            ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c).

        Petitioner seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

////

////

1

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner was convicted on November 1, 1995.[2] After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition is dismissed without prejudice.

In light of the above, petitioner's motion for appointment of counsel is denied without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (dkt. no. 5);

2. The application for a writ of habeas corpus is dismissed for failure to exhaust state remedies;

3. Petitioner's May 9, 2012 motion for appointment of counsel (dkt. no. 3) is denied without prejudice;

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

5. The Clerk of the Court is directed to serve a copy of the instant order, together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

DATED: June 12, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rayn1412.103